IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 2:15cr120 |
| ) | |
| RONALD HENDERSON, ) | |
| ) | |
| Defendant. ) | |

## POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING

The United States of America, by and through its attorneys, Dana J. Boente, United States Attorney for the Eastern District of Virginia, and Randy Stoker, Assistant United States Attorney, offers the following with respect to sentencing. The United States concurs with the guideline calculation set forth in the Presentence Investigation Report (PSR), which states that his advisory guideline range is 12 to 18 months in prison. This range is based on a total offense level of 13 and a criminal history category of I. The calculated offense level includes awarding Mr. HENDERSON the third point for acceptance of responsibility, which the government supports. The government recommends a sentence at the low end of the advisory guideline range. The government also seeks restitution in the amount of $163,720.91.

### I. Background

Defendant HENDERSON was charged in a two-count indictment on September 17, 2015. The indictment alleged in Count One that HENDERSON violated 18 U.S.C. § 1920, Federal Employees' Compensation Fraud, by falsely reporting that he sustained an injury in the performance of his duties and receiving certain compensation and reimbursement for that injury. In Count Two, HENDERSON was charged with Theft of Government Property under 18 U.S.C. § 641 for fraudulently obtained workers' compensation payments. On December 2, 2015,

HENDERSON pleaded guilty to Count One pursuant to a plea agreement. The Plea Agreement included a provision requiring that the defendant pay $163,720.91 in restitution to the Department of Labor. The defendant has been on a personal recognizance bond since October 13, 2015.

II.  Sentencing Factors under 18 U.S.C. § 3553(a)

A.  <u>Nature and Circumstances of the Offense</u>

Defendant HENDERSON worked for the United States Postal Service from 1992 to 2014. In June 2011, he was a city carrier assigned to a post office in Suffolk, Virginia. HENDERSON injured his right shoulder while off duty on or before June 10, 2011. On June 11, 2011, he pretended to have injured his right rotator cuff while performing his duties as an employee of the Postal Service. He filed a false workers' compensation claim stating that the injury occurred in the course of performing his duties.

Over the course of the next fifteen months, HENDERSON's compensation and reimbursement claims went from the merely fraudulent to the absurd. Under applicable federal law governing workers' compensation claims, a worker is entitled to a certain amount of pay while the worker is receiving treatment for job-related injuries. In addition, an injured worker may also claim reimbursement for medical-related travel, such as trips to the doctor for appointments, to physical therapy sessions, and to pharmacies to pick up medication. HENDERSON filed for compensation, which would have been completely legitimate had he actually been injured on the job. Likewise, the travel reimbursement claims would also have been permissible. However, for HENDERSON the fraudulent basis of the claims were not enough. The travel claims he submitted were outrageous on their face. As one example among others, as set forth in the Statement of Facts, HENDERSON claimed to have driven 1,336 miles

on February 28, 2012.  By the government's calculation, if HENDERSON averaged 55 miles per hour, it would have taken him slightly more than 24 hours to drive 1,336 miles.

Additionally, HENDERSON took advantage of the fact that the Department of Labor relies on the integrity of the worker to report his return to work.  Instead of reporting his return in May 2012, he continued to accept disability pay from the Department of Labor while he resumed being paid his normal wages from the Postal Service.  In total, he fraudulently received approximately $163,720.91 due to disability pay, medical treatment, and travel reimbursement.

    B.  History and Characteristics of the Defendant

Defendant HENDERSON is 58 years old and in good physical, mental, and emotional health.  He has been married for 30 years and has three adult children.  He graduated from high school and has taken some college classes.  He has virtually no criminal record.

HENDERSON has been employed in some capacity for nearly all of his adult life beginning with a brief stint in the U.S. Army.  In 1990, he became employed by the United States Postal Service and worked for that organization until his termination in 2014 following the incident which is the subject of this criminal case.

HENDERSON's financial condition is dire.  He currently has a negative net worth with liabilities that are likely ballooning due to high interest rates.  According to the PSR, he has a negative monthly cash flow that does not appear to include paying down significant credit card debt.  Currently, HENDERSON's spouse is the primary income provider for the household.

    C.  Other Sentencing Factors

The Court should also consider other factors such as ensuring that the sentence reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, and protects the public.  The first three factors bear particular significance

here. The amount of money – approximately $160,000 – stolen over a relatively short amount of time speaks to the case's relative significance and seriousness on its own. Beyond that, however, the Court should take into account that the Defendant took advantage of a program that provides support for employees who have been legitimately injured on the job and are receiving medical treatment in an attempt to return to work. The program also relies greatly on the integrity of the worker since it requires the submission of legitimate claims and the reporting of the return to work. The sentence handed down should promote a healthy respect for programs designed to protect injured workers and for laws enacted to hold persons accountable for defrauding the government.

### III. Conclusion

The amount of money claimed by HENDERSON and his abuse of the program weigh strongly in favor of a significant jail sentence. However, his lack of criminal history and his acceptance of responsibility are strong counterweights in favor of a lower sentence. For these reasons and those set forth above, the government recommends a sentence at the low end of the guideline range and we ask for restitution in the amount of $163,720.91.

DANA J. BOENTE
UNITED STATES ATTORNEY

By: _____/s/_____
Randy C. Stoker
Assistant United States Attorney
Virginia State Bar No. 73455
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
Office Number: 757-441-6331
Facsimile Number: 757-441-6689
E-Mail Address: randy.stoker@usdoj.gov

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 26th day of April, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Nicholas David Renninger
Kozak & Associates PC
355 Crawford Street, #700
Portsmouth, VA 23704
Email: nrenninger@kozakfirm.com

                                                  /s/
                                      Randy C. Stoker
                                      Assistant United States Attorney
                                      Virginia State Bar No. 73455
                                      Attorney for the United States
                                      United States Attorney's Office
                                      101 West Main Street, Suite 8000
                                      Norfolk, VA 23510
                                      Office Number: 757-441-6331
                                      Facsimile Number: 757-441-6689
                                      E-Mail Address: randy.stoker@usdoj.gov